AURORA, The, (AERTSEN v.)  See Case No. 95.

AURY, (HERNANDEZ v.)  See Case No. 6,-413.

---

## Case No. 661.

AUSTEN et al. v. MILLER.

[5 McLean, 153.] [1]

Circuit Court, D. Ohio. Oct. Term, 1850. [2]

NEGOTIABLE INSTRUMENTS—NEGOTIABILITY— CERTIFICATE OF DEPOSIT — DEMAND AND PROTEST— NOTICE—NOTARY—CONFLICT OF LAWS.

1. A certificate of deposit. by the cashier of a bank. for a sum named, payable at a future period, with five per cent. interest, to the order

---

[1] [Reported by Hon. John McLean, Circuit Justice.]

[2] [Affirmed by the supreme court in Miller v. Austen, 13 How. (54 U. S.) 218.]

of the individual for whose benefit the deposit was made, is a promissory note.
[See note at end of case.]

2. A justice of the peace, in Mississippi, ex officio, is a notary public to make demand and protest of a note, and give notice to the indorser.

3. The next mail after the protest is sufficient notice.

4. A decision of a state court on the character of the paper, does not constitute a rule of decision for the federal courts.

5. It is a question of common or mercantile law, rather than the construction of a statute.

[At law. Action of assumpsit by David Austen, William S. Wilmerding, and David Austen, Jr.. against Henry Miller, on a certificate of deposit. Verdict and judgment for plaintiffs. Affirmed by the supreme court in Miller v. Austen, 13 How. (54 U. S.) 218.]

Chase & Ball, for plaintiffs.
Mr. Fox, for defendant.

OPINION OF THE COURT. On the 1st of February, 1840, the Mississippi Union Bank issued the following certificate:
"I hereby certify, that Hugh Short has deposited in this bank, payable twelve months from 1st of May, 1839, with five per cent. interest till due, fifteen hundred dollars, for the use of Henry Miller, and payable only to his order, upon the return of this certificate. (Signed) William P. Grayson, Cashier."
On which the following indorsements were made:
"Pay to George Lockwood, or order. Henry Miller, Cincinnati, Ohio."
"Pay Austen, Wilmerding & Co., or order, without recourse. George Lockwood."
On the 4th of May, 1840, L. V. Dickson, justice of the peace, and ex officio notary public, presented the paper declared on at the counter of the Mississippi Union Bank, at Jackson, and demanded of the teller payment in specie, or its equivalent, which that officer, after consultation with the other officers of the bank, refused; but offered to pay in the notes of the bank, which the notary would not accept. The defendant Miller was duly notified as indorser, by a written and printed notice, directed to him at Cincinnati, and deposited in time for the first mail of the next day.
In July, 1847, the plaintiffs brought this action against Miller, as indorser. The declaration contained three counts. 1st. Alleging it to be a promissory note of the Union Bank, payable to the order of Henry Miller, and by him indorsed to George Lockwood, who indorsed it to the plaintiffs. 2d. Alleging it to be a draft drawn by Henry Miller, on the Mississippi Union Bank, at Jackson, requesting the bank to pay to George Lockwood, and by him indorsed to the plaintiffs, and charging a due presentment for payment, and notice of nonpayment. 3d. On a common count for money lent and advanced, paid. laid out. and expended, money had and received, and on an account stated.

The plea was non-assumpsit. In the defense. it was contended that the instrument declared on was not a promissory note in a mercantile sense, so as to pass by indorsement under the statute of Ohio. It provides, "that all bonds, promissory notes, bills of exchange, foreign and inland, drawn for any sum or sums of money certain, and made payable to any person or order, or to any person or bearer, or to any person or assigns, shall be negotiable by indorsement thereon; but nothing in this section shall be construed to make negotiable any such bond, note, or bill of exchange, drawn to any person or persons alone, and not drawn payable to order, or bearer, or assigns." A check and certificate of deposit are not mentioned in the statute as being negotiable.

And it is alleged that the supreme court of Ohio has decided that this identical paper is not a promissory note, negotiable under the laws of Ohio, as appears from the fourth volume (page 527) of the Western Law Journal. Suit was brought by these plaintiffs against Miller, on the same certificate, and was decided at the May term, 1847, against the plaintiffs. This is claimed as conclusive of the case, as it was made in this state under the statute of the state, which construction is claimed as a rule of decision by the courts of the United States, according to [Slacum v. Pomery,] 6 Cranch, [10 U. S.] 225; [Wayman v. Southard,] 10 Wheat. [23 U. S.] 50; 13 Pet. [38 U. S.] 739; [Wilcox v. Hunt, 13 Pet. (38 U. S.) 379;] [Shelby v. Guy,] 11 Wheat. [24 U. S.] 367; and [Green v. Neal,] 6 Pet. [31 U. S.] 297. But independently of that decision, it is urged that the instrument is not a promissory note, and that it is not negotiable under the well settled rules of law. To constitute a promissory note, it is said there must be an express promise to pay a certain amount, as an implied promise will not answer. That where there is no more than a simple acknowledgment of the debt, with such a promise to pay as the law will imply, it is not a promissory note. Patterson v. Poindexter, 6 Watts & S. 231. In that case this question was fully examined, by the supreme court of Pennsylvania, on a certificate of deposit, exactly like the one before the court, and which was held not to be a promissory note, after two arguments. That court referred to Horne v. Redfearn, [33 E. C. L. 790,] as conclusive on the subject. In Fisher v. Leslie, 1 Esp. 426, it was held that a slip of paper, I O U eight guineas, is not a promissory note, but merely the acknowledgment of a debt.

An instrument acknowledging the receipt of two hundred pounds in drafts for the payment of money, and promising to pay the money specified in the drafts, is not a promissory note. Williamson v. Bennett, 2 Camp. 417. It was also objected that it was not a promissory note, because it was payable upon a contingency, and not at all

events. It was payable only upon the order of Henry Miller, and upon the return of the certificate. A promissory note, it was said, must not depend upon a contingency. Story, Prom. Notes, 22; Williamson v. Bennett, 2 Camp. 417; Roberts v. Peake, 1 Burrows, 323. This point was decided in the case above cited from 6 Watts & S. That case is said to have been well considered, and in which the above points were ruled.

It is asked whether the consideration of a promissory note in the hands of an assignee, can be inquired into. If it can, it seems to be a negotiable promissory note. And it is claimed that the consideration of the certificate may be inquired into. In a suit against the Mississippi Bank, it might show, it is urged, that instead of money, worthless bank notes were deposited, and that an offer was made to return them. If this be a promissory note, it is asked. to whom is it payable? The words, for the use of Henry Miller, only indicate the equitable rights of the parties, and do not in any way affect the legal character of the paper, &c. In reply it was said that in McCoy v. Gilmore, 7 Ohio, pt. 1, p. 268, it was held that no special form of words is necessary to constitute a promissory note. It is enough if the intent appear, and the sum can be made certain by calculation, &c.

And the court said the certificate had all the essential requisites of a promissory note. The cashier being the active agent of the bank, acknowledged the deposit of fifteen hundred dollars, payable thirteen months from the 1st of May, 1839, with five per cent. interest, for the use of Henry Miller, and payable only to his order, on the return of this certificate. Signed by the cashier. There is no want of certainty on the face of this paper. It was payable on presentation, as notes are often made, which is not a contingency that affects the character of the paper. There is a promise to pay to the order of the person for whose benefit the deposit was made. This is sufficient.

This is not a case in which the rule established by the state court, is followed by the courts of the United States. It is not a question as to the construction of a state statute, but rather a principle of the common or mercantile law which governs the case; and in this view the federal courts rather than the courts of the state, should fix the rule of decision. We can entertain no doubt on the subject. By a proper construction of the certificate, it is in principle a promissory note, and the jury being so instructed, found a verdict for the plaintiff.

Under the statute of Mississippi, a justice of the peace officiates as a notary public, in making a demand, and giving notice.

There was judgment entered on the verdict.

[NOTE. In affirming this decree, the supreme court, by Mr. Justice Catron, held: "The established doctrine is that a promise to de-

liver or to be accountable for so much money is a good bill or note. Here the sum is certain, and the promise direct. Every reason exists why the indorser of this paper should be held responsible to his indorsee that can prevail in cases where the paper indorsed is in the form of a promissory note; and as such note the state courts generally have treated certificates of deposit payable to order, and the principles adopted by the state courts in coming to this conclusion are fully sustained by the writers of treatises on bills and notes." Miller v. Austen, 13 How. (54 U. S.) 218.]